Hoffman, Appellant, vs. Steele and wife, Respondents.

*January 7—January 28, 1913.*

*Appeal: Questions of fact: Verdict, when set aside: Real-estate brokers: Right to commission: Evidence.*

1. Where defendant squarely contradicted the plaintiff's testimony as to the making of the contract sued upon, and was corroborated by other witnesses and by the circumstances, a verdict for defendant, sustained by the trial court, will not be set aside on appeal.

2. The issue being as to whether defendant had agreed to pay a commission to plaintiff for selling his farm to one H., evidence that plaintiff had, about a year before, sold a farm for H. and had then agreed to assist him in securing another farm, was competent as tending to show that, in taking part in the negotiations for the sale of defendant's farm to H., plaintiff was acting for H. and not for the defendant.

APPEAL from a judgment of the circuit court for Monroe county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

Action by real-estate broker to recover $195 claimed to be the balance due for commission on the sale of a farm. The jury found for the defendant. Plaintiff appealed.

The cause was submitted for the appellant on the brief of *R. A. Richards,* and for the respondents on that of *Masters, Graves & Masters.*

VINJE, J. Plaintiff claims the evidence does not support the verdict. His testimony is substantially to the effect that on or about January 16, 1911, he met the defendant *Steele* and told him that he thought he had a buyer for his farm; that he asked *Steele* to list the farm with him; that *Steele* refused to do so, but said that if plaintiff would bring him a buyer he would pay the usual commission, which was stated to be five per cent. for the first $1,000 and two and one-half per cent. on the balance. The defendant's testimony is to the effect that he absolutely refused to list the farm with plaintiff; that he made no contract or bargain with him with reference to the plaintiff furnishing a purchaser for the farm; that he stated he would not pay the usual commission, or any commission, but that if plaintiff brought him a purchaser to whom he sold he would make plaintiff a present. The conversation between plaintiff and defendant took place in the absence of other witnesses. The defendant, however, is corroborated to some extent by Mr. and Mrs. Hahn and another witness, in this, that during the negotiations for the sale of the farm, they testified, plaintiff stated that he was to get nothing out of the deal. And plaintiff admits that defendant refused to list the farm with him. It is a verity in the case that plaintiff introduced Hahn, the purchaser, to the defendant and that the defendant sold his farm to Hahn, and that the plaintiff participated more or less in the negotiations leading up to the closing of the deal. After the deal

was made the defendant presented a check for $35 to plaintiff, stating that he had promised to give him a present if he found a purchaser for the farm, and that this check was such present. The plaintiff then stated that he was entitled to his full commission and would receive the check as part payment thereon. The amount claimed in the complaint is the commission plaintiff would have earned under the contract as claimed by him, less the $35.

Just why an appeal is taken to this court is not apparent. The burden was upon the plaintiff to establish by a preponderance of the evidence and to a reasonable certainty the fact that a contract was made as testified to by him. He is squarely contradicted by the defendant and the latter is, as before stated, corroborated by other witnesses and by the fact that he refused to list the farm with plaintiff. The jury found for defendant, and the trial court refused to disturb their verdict. Under such circumstances it seems that this court ought not to be burdened with an examination of the record and asked to set aside the verdict of the jury sustained by the decision of the trial court, especially when the evidence seems to preponderate in favor of the verdict. *Daubner v. McFarlin*, 136 Wis. 515, 117 N. W. 1002.

The only other error alleged is that defendant was allowed to show that plaintiff had sold a farm for Hahn about a year prior to the sale of the *Steele* farm, and that at the time of such sale plaintiff had agreed to assist him in securing another farm. It appears from the record that defendant's counsel sought to introduce this evidence for the purpose of showing that plaintiff was the agent of Hahn and not of *Steele*. The court, however, sustained plaintiff's objection to it. It is true that later, without objection, the witness Hahn testified that plaintiff told him: "I agreed to help you, and I am going to help you to this farm if you buy it. I don't get nothing out of it. He would not list it to me, but I agreed to help you and I am going to do it." Plaintiff

claims this evidence had a tendency to give the jury the impression that plaintiff was working for Hahn and was not entitled to compensation from *Steele*. The instructions to the jury are not preserved in the record. The court, however, stated in the presence of the jury, in ruling upon an objection by plaintiff to the question, "Did you have any arrangement or talk with *Mr. Hoffman* prior to the purchase of the first farm when he procured for you another farm?" "There is no issue by the answer which would make that material." Defendant's counsel added: "I would like to show the arrangement he made with the plaintiff for procuring a farm for him, and that, in pursuance of that arrangement, he did so," to which plaintiff's counsel objected and the objection was sustained. Hence it appears from the record that the court in effect instructed the jury that any arrangement which the plaintiff may have had with Hahn for procuring another farm for him was immaterial to the issues in the present case. The testimony that plaintiff agreed to assist Hahn in securing another farm was competent. The issue was whether defendant hired plaintiff to sell his farm. Defendant claimed that he did not. It appeared that plaintiff took part in the negotiations. To explain this fact and to rebut the presumption arising therefrom that plaintiff was hired by defendant, evidence that plaintiff had agreed to help Hahn, the purchaser, was competent on the ground that any fact relevant to any fact in issue may be shown. The trial court's ruling, therefore, was prejudicial to defendant and not to plaintiff.

*By the Court.*—Judgment affirmed.